IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>-vs- )<br>) Criminal No. 05-218<br>MARCEL RAYNARD FARRISH, )<br>)<br>Defendant. ) | |

AMBROSE, Chief District Judge.

## FINDINGS OF FACT
## CONCLUSIONS OF LAW
and
## ORDER OF COURT

**FINDINGS OF FACT**

1. On March 27, 2004, at approximately 10:25 P.M., Pittsburgh police officers, Novakowski, Snyder and Fallert, were on patrol in the Homewood section of Pittsburgh, in an unmarked police vehicle.

2. At that time, the officers observed a vehicle, a Cougar, illegally parked on the left side of a road, behind a "no parking" sign. Although two witnesses and Defendant testified that Defendant was not illegally parked, I reject their testimony and accept the testimony of Officers Fallert and Snyder that the Cougar was parked behind the sign. William Cargile's testimony was unconvincing in that he remembered the incident in question as an afternoon event. Likewise, Darlene Wall testified that the incident occurred when it was just beginning to get dark – a time long before 10:25 P.M. in March. This occurred in an area well-known for drug

trafficking. Also, the vehicle was parked in a hazardous position, which could have prevented emergency vehicles from passing through the street.

3. The officers stopped their vehicle next to the Cougar and saw Defendant seated behind the wheel.

4. Officer Fallert exited the police car and walked to the driver side of the Cougar. Snyder went to the passenger side. Fallert saw Defendant put an object into his mouth with his right hand. Defendant began to chew rapidly.

5. Suspecting the destruction of contraband, Officer Fallert identified himself and asked Defendant what he had put in his mouth.

6. Defendant swallowed and stated it was merely a baggie of marijuana. Defendant's testimony that he had nothing in his mouth, but that the officers nevertheless asked him what was in his mouth and to open his mouth is not credible.

7. The officer asked Defendant to open his mouth; Defendant complied; and the officer observed green leafy matter on Defendant's tongue and teeth, which appeared to be marijuana.

8. Defendant was arrested for possession of a controlled substance and asked to exit the Cougar because he had tampered with evidence – the marijuana.

9. When Defendant was outside the Cougar, Officer Novakowski asked Defendant for identification. Defendant responded that he had none and that his operator's license had been suspended. When questioned about the reason for the suspension, Defendant stated that it was for driving while intoxicated. The officers

confirmed this at the scene.

10. Because the Cougar was illegally parked and because Defendant was under arrest, the officers called for a tow service. Defendant told the officers his girlfriend owned the car.

11. Prior to the Cougar being towed, the officers searched the Cougar pursuant to a written inventory policy, which is performed to document items (and their condition) in the vehicle, including the vehicle's trunk.

12. During the inventory search, among other items, a firearm, ammunition and crack cocaine were recovered from the trunk. These items are the subjects of the counts in the Indictment.

## CONCLUSIONS OF LAW

1. After observing Defendant illegally parked and, as a police officer approached him, stuffing an object into his mouth, chewing it rapidly, and admitting it was marijuana, the officers had reasonable suspicion to believe that criminal activity was afoot.

2. That reasonable suspicion gave the officers a duty to investigate further by asking Defendant to open his mouth, wherein the officers observed a green, leafy substance which Defendant admitted was marijuana.

3. Defendant's admission and the officers' observations constituted probable cause to arrest Defendant for possession of a controlled substance.

4. The Cougar had to be towed because it was illegally and hazardously parked, Defendant had no operator's license and no one else was present to drive

it.

      5.  The officers lawfully searched Defendant's person and the Cougar pursuant to a written inventory policy and pursuant to Defendant's arrest.

      6.  The officers did not violate the Fourth Amendment in their search of the Cougar.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 05-218 |
| MARCEL RAYNARD FARRISH, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# **ORDER OF COURT**

AND NOW, this **28th**, day of June, 2006, after careful consideration and for the reasons set forth above, it is ORDERED that the Defendant's Motion to Suppress (Docket No. 37) is Denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

5